OPINION OF THE COURT
Bentley Kassal, J.
This is a motion for summary judgment dismissing the complaint on the ground that plaintiff lacks standing to maintain the action.
FACTS
Plaintiff brought this suit on August 25,1975 to recover damages for personal injuries which he sustained on March 30, 1973, as a longshoreman employed by Pittston Stevedoring Corp. (Pittston) while working on the defendant’s vessel.
Prior to the commencement of this action, the plaintiff had accepted workers’ compensation benefits pursuant to the Longshoremen’s and Harbor Workers’ Compensation Act (US Code, tit 33, § 901 et seq. [the Act]). The benefits *122 were paid by Pittston’s insurer, the Gulf Insurance Group (Gulf), after confirmation of the United States Department of Labor on February 12, 1974.
LAW
Under the Act, acceptance of a compensation award by an employee operates as an assignment to the employer of all rights of the employee to recover damages against a third party unless the employee commences suit against the third party within six months after award. (US Code, tit 33, § 933, subd [b].) When the employer is insured and the insurance carrier has assumed the payment of the award, the carrier is subrogated to all the rights of the employer. (US Code, tit 33, § 933, subd [h].)
CONCLUSION
Plaintiff’s failure to commence his action against the defendant within the six-month period, resulted in the statutory assignment, from the plaintiff to Pittston’s insurer, of the right to bring suit against the third party.
In a very similar action, in which a defendant sought to implead Gulf as necessary party by reason of the payment of a workers’ compensation claim to an employee of Pittston, it was held that the insurance carrier is the proper party to maintain the action. (Landon v Lieff Hoegh & Co., 521 F2d 756, cert den sub nom. A/S Arcadia v Gulf Ins. Co., 423 US 1053, reh den 424 US 935.)
Since the plaintiff has not pleaded a conflict of interest between himself and his assignee (McClendon v Charente S. S. Co., 348 F2d 298), he is not a “party in interest” and lacks standing to maintain this action.
The ratification procédure attempted by Gulf, although expressly authorized under subdivision (a) of rule 17 of the Federal Rules of Civil Procedure, is not recognized in New York. Since any transfer of a personal injury claim would be void in this State (General Obligations Law, § 13-101), Gulf is precluded from assigning the action and must bring suit in its own name.
In view of the fact that no claim has been made that an action by Gulf would have been untimely when this action was commenced, the motion to dismiss is granted without *123 prejudice to Gulf commencing an action within 30 days of service of a copy of this order with notice of entry.